**HEFNER, STARK & MAROIS, LLP**
Howard S. Nevins (CA Bar Assn No. 119366)
Aaron A. Avery (CA Bar Assn No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-4136
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: aavery@hsmlaw.com

Attorneys for
GEOFFREY RICHARDS,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>AK BUILDERS AND COATINGS, INC<br><br>Debtor. | Case No.: 19-24759-A-7<br><br>DC No.: HSM-003<br><br>Date: April 20, 2021<br>Time: 9:00 a.m.<br>Place: 501 I Street<br>　　　　Sacramento, CA<br>　　　　Ctrm. 28, 7th Flr.<br>Judge: Hon. Fredrick E. Clement |

**MOTION TO ABANDON PROPERTY OF THE ESTATE; AND, SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES [L.B.R. 9014-1(d)(4)]**

　　　GEOFFREY RICHARDS, the Chapter 7 Trustee in the above-referenced bankruptcy case ("Trustee"), files this motion (the "Motion") for an order abandoning the estate's interests in a real property asset of the estate. The Trustee's Motion is made pursuant to 11 U.S.C. § 554(a) because the asset is of inconsequential value or benefit to the estate, and is otherwise burdensome to the administration of this case. In support of the Motion, the Trustee respectfully represents as follows:

**Introduction and Relief Requested**

　　　1.　　AK BUILDERS AND COATINGS, INC ("Debtor") commenced this case as a voluntary petition under Chapter 11 of the Bankruptcy Code on July 29, 2019. The case

was converted to Chapter 7 on July 16, 2020. The Trustee was appointed as the Chapter 7 Trustee on July 16, 2020, and has at all relevant times served in that capacity.

2. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 554(a), and the reference to this court by the District Court for the Eastern District of California.

3. Through this Motion, the Trustee seeks an order abandoning the estate's interest in real property of the estate commonly known as 10777 Walker Trail Rd., Copperopolis, CA, and 10779 Walker Trail Rd., Copperopolis, CA, in the County of Calaveras, State of California; Calaveras County APNs 050-007-008-000; 050-007-009-000, 050-007-010-000, 050-007-011-000, 050-008-053-000, and 050-021-018-000 (individually and collectively referred herein as the "Calaveras Property").

4. On the Debtor's Amended Schedule A/B filed in this case on October 16, 2020 (Docket No. 162), the Debtor listed the Calaveras Property by its two street addresses, and valued the Calaveras Property at $4,100,000.00 ($2,050,000.00 for each street address).

5. On the Debtor's Amended Schedule D filed in this case on October 16, 2020 (Docket No. 162), the Debtor listed FCI Lender as a secured creditor with a deed of trust recorded against the Calaveras Property, with a balance owed of $1,120,000.00. Based on documents filed with the motion for relief from stay referenced below, FCI Lender Services, Inc., appears to be or to have been the servicer for the loan secured by the Calaveras Property. The Trustee understands at least one abstract of judgment has been recorded against the property related to the claim of Commercial Trade, Inc., filed in connection with this case (Claim 1-1). Back real property taxes and other assessments may also be owed.

6. On March 17, 2021, a number of fractionalized deed of trust beneficiaries, IRA Trust Services Company CFBO Kristan E. Evans IRA412995, et al. (collectively "Deed of Trust Beneficiaries"), filed a Motion for Relief From the Automatic Stay ("Motion for Relief") to exercise their rights against the Calaveras Property, including foreclosure.

Hefner, Stark & Marois, LLP
Sacramento, CA

(Docket 186) The Motion alleges that the Deed of Trust Beneficiaries are owed $1,324,727.81 in connection with their loan secured by the Calaveras Property. The hearing on the Motion for Relief is set for April 20, 2021. The Trustee does not intend to oppose the Motion for Relief.

7. The Trustee has independently investigated the value of the Calaveras Property. The Trustee has consulted with a local real estate broker, and has concluded that there is likely little or negative equity in the Calaveras Property if sold as a whole. Although the Trustee understands that the Debtor places a much higher valuation on the Calaveras Property, and is or may be pursuing a loan commitment at a higher valuation, the Trustee has concluded that the as-is price likely does not exceed the debt. While it is possible that selling the Calaveras Property as smaller parcels, rather than as a whole, may increase its overall valuation such that there may be equity, the Trustee has not investigated the practicability of that option because he is moving this case toward a conclusion for the reasons set forth below.

8. On February 23, 2021, the Court entered an order (Docket 179) authorizing the Trustee to enter into compromises of controversies with the United States Small Business Administration, as set forth in the Stipulation filed therewith. (Docket 176) Pursuant to the Stipulation, the Trustee is winding down administration of this estate, and believes he has sufficient funds to pay all timely filed unsecured proofs of claims in full. For that reason, the Trustee does not intend to further administer real property assets.

9. Given the foregoing, the Trustee has determined that there is likely no or little realizable equity in the Calaveras Property, if sold as a whole. Further, the Trustee has concluded that the Calaveras Property is not beneficial to the estate in that the Trustee will not be administering it.

9. The Trustee has also concluded that the Calaveras Property could be burdensome to the estate due to potential security and insurance costs, other potential risks faced by the estate through continued ownership of the Calaveras Property, and the possible negative tax consequences to the estate from a foreclosure of a secured

1  creditor's deed of trust against the Calaveras Property.

**Memorandum of Points and Authorities**

10. Pursuant to 11 U.S.C. § 554(a), after notice and a hearing, the Trustee ". . . may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

**WHEREFORE,** the Trustee respectfully requests that the Court authorize and order the abandonment of the estate's interest in the Calaveras Property.

Dated: April 6, 2021

HEFNER, STARK & MAROIS, LLP

By _____
Aaron A. Avery, Attorneys for
GEOFFREY RICHARDS,
Chapter 7 Trustee

4

\\172.16.100.204\Clients\Richards, Geoffrey\AK Builders and Coatings Inc (7687-0051)\pldg trustee (hsm-03) abandon\pldg abandon assets.docx